GheeN, J.
delivered the opinion of the court.
An'execution for $1,415 96, in favor of Lycurgus Cage against Mull and Trent, administrators of E. Cress, issued from the circuit court of Fayette county, returnable to the February term, 1840. of said court. Said execution came to the hands of the plaintiff in error, Atkinson, who made the money thereon, and on the 12th day of February, before the return day of said fi.fa., and without any knowledge that any other person had a claim to said monies, he took the receipt of said Cage for $1212 80, part of said execution, of which he paid over part to Cage, and $900 he retained by the direction of Cage, to be applied to the satisfaction of an execution, then in the hands of said sheriff, in favor of Montelius & Fuller against said Cage, and James D. Cage and Harrison Locke, for that sum.
■ On the same day (12th February, 1840) he endorsed his return on said last mentioned fi, fa. “satisfied by Lycurgus Cage.” The said executions were returned into court; but before the sheriff had paid to Montelius & Fuller the money on their execution, as dixectedby Lycurgus Cage, the defendants in error moved the court to require the sheriff to erase his return of “satisfied” from Montelius & Fuller’s fi. fa. and to pay said $900 to them, having proved that they were beneficially interested in thefi.fa., in favor of Cage against the administrators of Ci’ess, and that said Lycurgus Cage was only a nominal party. The plaintiffs in error resisted *366 the motion, but the court ordered the erasure to be made, and the said monies to be paid to the defendants in error. From this judgment the sheriff, Atkinson, and the said Montelius & Fuller, prosecuted this appeal in error.
There is no question, but that the court has aright to direct the application of monies which have been paid into court. And this it will do upon motion, or will directa bill of interpleader. But unless the money be paid into court, it will not interfere in a summary manner to direct its application.
The only question in this case then is, whether this money is in • court in such a way as to give it authority to act in the matter.
It is not disputed but that Lycurgus Gage had a legal right to receive the money on the execution in his name, and that a payment of it to him, by the sheriff, was a good discharge to that officer. This being true, it would follow without dispute, that had the entire sum of $1212 80 been counted into the hands of Lycurgus Cage, and then $900 had been handed back to the sheriff by him in discharge of Montelius & Fuller’s execution, the defendants in error would have had no claim to it. But what legal difference could this ceremony have made 1 If Cage had a legal right to receive the money, and his receipt for the $1212 80 is a good discharge to the sheriff, it follows that he had equally a legal right to direct its application; and having done so, it was a discharge of the execution, to the payment of which he had directed the sheriff to apply it. If that execution was discharged in point of fact, and in point of law, on the 12th of February, 1840, it could not after-wards be enforced against Cage’s co-defendants, by proving that he had violated a trust by the application, to its payment, of a trust fund in his hands.
Nor is it disputed, but that the sheriff acted honestly in this whole transaction; and yet if this motion prevail, he cannot be protected from a motion by Montelius & Fuller. His return of “satisfied” chai'ges him, and renders him liable; and if in obedienc' to the court, that were erased, he would be liable to a motion failing to make return.
We, therefore, think this fund is placed beyond the reach ,ne court, and that legal rights have been created that we e no power to effect by any order we can make; that the r y is not in court, but has been applied to the payment of th'. -cution of Montelius & Fuller, in a way the parties had a rigb ■, q law, to ap *367 ply it, at the time it was done, and that we cannot not now disturb it.
If the only question was between Cage, the nominal plaintiff in thi? fi. fa., and the defendants in error. as to them the money would be in court, and the court would direct its payment to those beneficially interested; but the case is so entirely changed by the transactions in relation to the other execution, that the money is wholly beyond our reach. Reverse the judgment.